IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

WESLEY GRANT BRAY PLAINTIFF

v. Civil No. 3:26-cv-03038-DCF-SGS

GEORGE EDINGS
(C.I.D. Investigator);
JUSTIN HAIGHT
(Baxter County Sheriff's Deputy);
KENNETH LOONEY
(Baxter County Sheriff's Deputy);
JOHN SCHULTIE
(C.I.D. Investigator);
DWIGHT DUCH
(C.I.D. Investigator);
ROBERT ROSS
(Baxter County Sheriff's Deputy);
JORDAN IKARI
(Baxter County Sheriff's Deputy);
CONNOR STANTON
(Baxter County Sheriff's Deputy);
JAMIE BINNION
(Baxter County Sheriff's Deputy).

DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Wesley Grant Bray, currently an inmate at Washington County Detention Center, proceeding *pro se* and *in forma pauperis,* filed this action alleging violations of his civil rights under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable David Clay Fowlkes, District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff filed his Complaint and *in forma pauperis* ("IFP") application on July 10, 2026.

(ECF Nos. 1, 2). His motion for leave to proceed IFP was granted on the same day. (ECF No. 4). He filed an Amended Complaint on August 14, 2026, after having cured initial deficiencies as directed by the Court. (ECF No. 10). Plaintiff brings suit against Baxter County Defendants who he alleges were involved in an illegal search of a residence on October 29, 2025.[1] *See id.*

He alleges that on the morning of October 29, 2029, his wife Hannah Smolek-Bray—whom he refers to as "the victim"—called 9-1-1 regarding a domestic disturbance and was instructed by dispatch to proceed to the local Harps Grocery to meet Defendants Deputy Officers Robert Ross and Kenneth Looney. *Id.* at 5–6. There, he alleges she was coerced, threatened, and intimidated by the officers into writing an affidavit to have him arrested. *Id.* at 6. Plaintiff alleges that Defendant Baxter County Sheriff's Deputies Justin Haight, Connor Stanton, Jordan Ikari, Kenneth Looney, Jamie Binnion, and Dwight Duch,[2] at some point entered and searched "the residence in question" without a warrant, probable cause, or exigent circumstances. *Id.* at 8–9. He then appears to contradict himself by alleging that Defendant Baxter County C.I.D. Investigator George Edings, in preparing the search warrant affidavit, made knowingly false statements with the intent of furthering an illegal search of the residence.[3] *Id.* at 11–12. Plaintiff alleges that Defendant Edings

[1] While Plaintiff identifies the address of the searched residence as 5555 Hwy 62 East Mountain Home, he does not specify what his legally protected interest, if any, was in the residence. *See* ECF No. 10; *Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978) ("Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted.") (citation omitted).

[2] Plaintiff identifies Dwight Duch both as an officer and as a Criminal Investigation Division (C.I.D.) Investigator. (ECF No. 10).

[3] It is unclear whether the "search warrant affidavit" Plaintiff refers to Defendant Edings as having prepared is a search warrant or a *return* of search warrant. *See* ECF No. 10 at 12. Specifically, Plaintiff claims that Defendant Edings allegedly made these false statements on the affidavit: "In his bedroom where [Plaintiff] was located officers Ross and Haight noticed in plain view a ziplock bag containing approximately 115 grams of methamphetamine"; omitted the fact that Hannah

colluded with Defendant Sheriff's Deputies Ross, Haight, and C.I.D. Investigators John Schultie and Duch, in preparing the affidavit and illegally obtaining a search warrant for the residence. *Id.* at 12.

Plaintiff claims that Defendants violated his Fourth, Fifth, and Fourteenth Amendment rights and caused him loss of property and emotional distress. *See id.* at 11, 13. He seeks compensatory and punitive damages and sues Defendants in both their official and individual capacities. *Id.* at 13.

## II. LEGAL STANDARD

Pursuant to section 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293–94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we

---

Smolek-Bray told officers that Plaintiff took the firearm with him when he left the residence; Dwight Duch saw ammunition through the window of an outbuilding. (ECF No. 10).

hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). That is, "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)). The complaint must, however, still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

According to Plaintiff's pleading, both federal and state criminal charges arising from the incident of October 29, 20025, are presently pending against him. *See* ECF No. 10 at 9 ("charges both state and federal were filed against me because of this illegal search and seizure."). Plaintiff's underlying federal criminal case is *United States v. Grass, et al*. No. 25-CR-30011-TLB-2 (W.D. Ark.), in which he is charged with possession with intent, and conspiracy, to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) (B)(viii), 846. Plaintiff's underlying state criminal cases are *State v. Bray*, No. 03CR-25-322 (Ark. Cir. Ct. Baxter County November 6, 2025), and *State v. Bray*, No. 03CR-25-329 (Ark. Cir. Ct. Baxter County November 10, 2025) in which he is charged with possession with the purpose to deliver, trafficking of controlled substance, possession of firearms, and aggravated assault, among other offenses. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (a court may take judicial notice of public records).

A plaintiff may not recover damages under 42 U.S.C. § 1983 for harm caused by actions whose unlawfulness would necessarily imply the invalidity of a conviction or sentence unless that

conviction or sentence has first been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 487. This is because "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at 486; *accord Wallace v. Kato*, 549 U.S. 384, 392–93 (2007).

> If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Wallace*, 549 U.S. at 393–94. The alleged lawfulness of the October 29, 2025 search appears to be at issue and the rulings made in the course of the criminal prosecutions will likely address the same inquiries Plaintiff's section 1983 claims present. Absent a stay here, the Court and Plaintiff would be left to "speculate about whether a prosecution . . . will result in conviction, and whether the pending civil action will impugn that verdict—all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (citation omitted).

Abstention is an independent ground for a stay where a Plaintiff has pending *state* criminal proceedings against him. *Heck*, 512 U.S. at 487–88 n.8 (observing that "abstention may be an appropriate response to the parallel state-court proceedings"). Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), when "there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution" and are required to abstain. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). And nothing in Plaintiff's Amended Complaint suggests any showing of "bad faith, harassment, or some other extraordinary circumstance that would make

abstention inappropriate" here. *Plouffe v. Ligon*, 606 F.3d 890, 892–93 (8th Cir. 2010) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).

Therefore, a stay is the appropriate disposition of the constitutional damages claims Plaintiff asserts. "Because the state criminal proceeding[s] can provide only equitable relief, any action for damages would necessarily be separate," *Deakins v. Monaghan*, 484 U.S. 193, 204 (1988). Section 1983 damages claims must be stayed rather than dismissed where they cannot be redressed in the parallel state proceeding. *Id.* at 202; *accord Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996). "As long as there may be issues which will need to be determined in federal court, a stay rather than a dismissal is the preferred procedure to use in abstaining." *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 604 (8th Cir. 1999) (quoting *Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1271 (8th Cir. 1995)).

Accordingly, the Court will abstain from considering Plaintiff's claims arising from the same sets of facts and circumstances of October 29, 2025, giving rise to his currently pending federal and state criminal cases. And finally, "[i]f the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace*, 549 U.S. at 394. At that time, Plaintiff may proceed by filing a motion to reopen this case.

## IV. CONCLUSION

For the reasons stated above, it is RECOMMENDED that all proceedings in this case are **STAYED** pending the final disposition of the criminal charges against plaintiff and that this case be **ADMINISTRATIVELY TERMINATED**. Further, it is recommended that Plaintiff be provided thirty (30) days from the resolution of his criminal case to notify this Court if he desires to reopen this matter.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in a waiver of the right to appeal questions of fact. The party is reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**Referral Status: Referral should be terminated.**

**DATED** this 1st day of September 2026.

/s/ Spencer G. Singleton

HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE